JUAN JASO v. THE STATE.

No. 18476. Delivered October 28, 1936.

The opinion states the case.

*R. C. Roland,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for being an accessory to the crime of burgary; punishment, two years in the penitentiary.

Before one can be convicted as an accessory to a crime actually committed by another, under Art. 77, P. C., it must be shown with reasonable certainty both that he knew such other had committed the crime, and also that in what the accused did he purposed, to some extent at least, to conceal the offender or give him aid in order that he might evade arrest or trial, or the execution of his sentence,—these being the conditions imposed by said statute. We have examined this record with care, and are convinced that appellant's guilt is not shown thereby. Y, a Mexican, had burglarized a drinking place. While he was in same appellant and another Mexican, G, came by. Y asked them to help him carry to a spot, some block or more away, certain cases of beer,—telling them that they could there all drink the contents of said cases. They agreed, and, with the further aid of some others in a car, the group carried the beer to said point, where they proceeded to open the cases and the bottles in them,—all of which bottles, on investigation, were found to be but "empties."

Y and others dumped all the bottles in a ditch, the testimony of Y, who was used as a State witness, showing that appellant was not then present. This ended any claimed connection or acting together of appellant and Y; or appellant and the alleged stolen property. From such facts,—as we have above stated,—we find ourselves forced to conclude that no purpose on appellant's part, or intent on his part, to aid Y either in evading arrest, trial or sentence, or in concealing himself,—is made to appear. The record being devoid of testimony so showing, we must hold the evidence insufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*